UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONALD E. BEAL, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:07CV296 HEA |
| LAFARGE NORTH AMERICA, INC., | ) |
| Defendant. | ) |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Bill of Costs, [Doc. No. 74]. Plaintiff objects to the Bill of Costs generally and specifically. For the reasons set forth below, Defendant's Bill of Costs is granted; Plaintiff's objections are overruled.

Federal Rule of Civil Procedure 54(d) states that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs-other than attorney's fees-should be allowed to the prevailing party." Fed.R.Civ.P. 54(d)(1). "Rule 54 represents a codification of the presumption that the prevailing party is entitled to costs." *Martin v. DaimlerChrysler Corp.,* 251 F.3d 691, 696 (8th Cir.2001) (quotations omitted); *see also Ex Parte Peterson,* 253 U.S. 300, 315-17 (1920) (discussing common law of costs). In other words, "[t]he losing party bears the burden of overcoming the presumption that the prevailing party is entitled to

costs...." *168th & Dodge, L.P. v. Rave Reviews Cinemas, LLC,* 501 F.3d 945, 958 (8th Cir.2007). Despite the presumption, exactly which costs will be awarded is a matter left to the discretion of the district court. *Poe v. John Deere Co.,* 695 F.2d 1103, 1108-09 (8th Cir.1982). However, "the district court must provide a rationale for denying the prevailing party's claim for costs." *Thompson v. Wal-Mart Stores, Inc.,* 472 F.3d 515, 517 (8th Cir.2006).

Title 28, United States Code, Section 1920 expressly identifies the expenses a court may tax as costs against a losing party. *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 440 (1987). In relevant part, it provides:

A judge ... of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under [§ ] 1923 of this title;

(6) Compensation of court appointed experts....

28 U.S.C. § 1920.

"The witness fee specified in § 1920(3) is defined in 28 U.S.C. § 1821...."

*Crawford Fitting,* 482 U.S. at 440-41. In relevant part, § 1821 provides:

> (a)(1) Except as otherwise provided by law, a witness in attendance at any court of the United States ... or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, shall be paid the fees and allowances provided by this section.
>
> (b) A witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.
>
> (c)(1) A witness who travels by common carrier shall be paid for the actual expenses of travel on the basis of the means of transportation reasonably utilized and the distance necessarily traveled to and from such witness's residence by the shortest practical route in going to and returning from the place of attendance. Such a witness shall utilize a common carrier at the most economical rate reasonably available. A receipt or other evidence of actual cost shall be furnished.
>
> (3) Toll charges for toll roads, bridges, tunnels, and ferries, taxicab fares between places of lodging and carrier terminals, and parking fees (upon presentation of a valid parking receipt), shall be paid in full to a witness incurring such expenses.
>
> (4) All normal travel expenses within and outside the judicial district shall be taxable as costs pursuant to [§ ] 1920 of this title.
>
> (d)(1) A subsistence allowance shall be paid to a witness when an overnight stay is required at the place of attendance because such place is so far removed from the residence of such witness as to prohibit return thereto from day to day.

> (2) A subsistence allowance for a witness shall be paid in an amount not to exceed the maximum per diem allowance prescribed by the Administrator of General Services, pursuant to [5 U.S.C. § 5702(a) ], for official travel in the area of attendance by employees of the Federal Government....

28 U.S.C. § 1821.

"[T]he Supreme Court has held that '*absent explicit statutory* or contractual *authorization* for the taxation of the expenses of a litigant's witness as costs, federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920.'" *Neosho R-V Sch. Dist. v. Clark,* 315 F.3d 1022, 1031 (8th Cir.2003) (quoting *Crawford Fitting,* 482 U.S. at 445) (emphasis added in *Neosho* ).

The court "may tax as costs ... [the][f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2).

Plaintiff argues that Defendant "overstepped its authority in seeking to recover for three separate subpoena fees for Zer-Jav & Co. even though no one from Zer-Jav testified at the trial. . ."

The Court's determination of necessity must be made in light of the facts known at the time of the deposition, without regard to intervening developments that later render the deposition unneeded for further use. In other words, the underlying inquiry is whether the depositions reasonably seemed necessary at the time they

were taken. *Zotos v. Lindbergh Sch. Dist.,* 121 F.3d 356, 363 (8th Cir.1997) (internal citations and quotations omitted). Costs for a deposition of a witness who did not ultimately testify at trial may be compensable. *See, e.g, Smith v. Tenet Healthsys. SL, Inc.,* 436 F.3d 879, 889 (8th Cir.2006) ("Even if a deposition is not introduced at trial, a district court has discretion to award costs if the deposition was necessarily obtained for use in a case and was not purely investigative." (quotations and modifications omitted)). Depositions taken purely for investigative reasons will not be deemed "necessary." *Zotos,* 121 F.3d at 363.

The Court finds that the Zer-Jav & Co. depositions were necessary and not purely investigative. Plaintiff testified about the devastating impact of his injuries on his life, and the changes in his life. It was reasonable to prepare for the possibility that Plaintiff may seek to introduce evidence of his ability/inability to work. *See, Koppinger v. Cullen-Schiltz & Assocs.,* 513 F.2d 901, 911 (8th Cir.1975) (affirming the district court's taxing of costs for depositions that were not used in trial).

Plaintiff also objects to Defendant's bill of costs for recovery of witness fees who "either did not testify at trial or were apparently paid multiple fees for their testimony. As discussed above, costs are often recoverable for witness fees even though the witness did not testify at trial. Furthermore, witness fees are recoverable for appearances at trial and at depositions, which appears to be the situation in this

case. Counsel for Defendant has submitted an affidavit that the costs were actually and necessarily performed. An examination of the Bill of Costs and the Memorandum in support thereof reveal that the multiple fees were incurred because of the witnesses' appearances on different days. Counsel for Plaintiff does not rebut defense counsel's affidavit with anything other than the general objection. This is insufficient to overcome the presumption of reasonableness.

Finally, Plaintiff objects to the costs submitted for transcripts and court reporter fees because Defendant did not provide invoices. Defendant has now does so in its Reply. This objection is therefore moot.

Based upon the foregoing, Plaintiff's objections to Defendant's Bill of Costs are overruled.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Bill of Costs, [Doc. No. 74] is approved.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall tax costs in favor of Defendant and against Plaintiff in the amount of $11,948.47.

Dated this 23rd day of July, 2009.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE