UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONALD E. BEAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07CV296 HEA |
| ) | |
| LAFARGE NORTH AMERICA, INC., ) | |
| ) | |
| Defendant. ) | |

# **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for New Trial, [Doc. No. 71]. Defendant opposes the Motion. For the reasons set forth below, the Motion is denied.

## **Facts and Background**

This matter was tried before a jury from March 30, 2009 through April 3, 2009. Plaintiff brought this action against Defendant alleging that Defendant was liable to him for an accident which occurred on November 8, 2005, when Plaintiff was driving southbound on Highway J in Warren County, Missouri when he lost control of his vehicle. Plaintiff alleged that the loss of control was the result of limestone dust from Defendant's quarry operations mixed with moisture on the roadway to create a slick surface. The jury returned its verdict in favor of Defendant. Plaintiff now moves for a new trial.

## Standard for Considering Post-Trial Motions

Defendant's Motion was filed under Federal Rule of Civil Procedure 59. Rule 59(a), which provides, in pertinent part, "The court may, on motion, grant a new trial on all or some of the issues-and to any party ... after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed.R.Civ.P. 59(a)(1)(A). Rule 59(a) has been explained as follows: In evaluating a motion for a new trial pursuant to Rule 59(a), "[t]he key question is whether a new trial should [be] granted to avoid a miscarriage of justice." *McKnight v. Johnson Controls, Inc.*, 36 F.3d 1396, 1400 (8th Cir.1994). A new trial is appropriate when the trial, through a verdict against the weight of the evidence or legal errors at trial, resulted in a miscarriage of justice. *White v. Pence*, 961 F.2d 776, 780 (8th Cir.1992). However, legal errors must adversely and substantially impact the moving party's substantial rights to warrant relief. **Fed.R.Civ.P. 61.**

Consistent with the plain language of Rule 59(a), the court may grant a new trial only if a party's substantial rights have been affected. Fed.R.Civ.P. 61.

"In determining whether or not to grant a new trial, a district judge is not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable." *King v. Davis*, 980 F.2d 1236, 1237 (8th Cir.1992)

(citing *White*, 961 F.2d at 780). "[T]he 'trial judge may not usurp the function of a jury ... [which] weighs the evidence and credibility of witnesses.'" *White*, 961 F.2d at 780 (quoting *McGee v. S. Pemiscot Sch. Dist.*, 712 F.2d 339, 344 (8th Cir.1983)). "Instead, a district judge must carefully weigh and balance the evidence and articulate reasons supporting the judge's view that a miscarriage of justice has occurred." *King*, 980 F.2d at 1237.

"The authority to grant a new trial ... is confided almost entirely to the exercise of discretion on the part of the trial court." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36(1980). On the issue of damages, the propriety of the amount of a verdict "is basically, and should be, a matter for the trial court which has had the benefit of hearing the testimony and of observing the demeanor of witnesses and which knows the community and its standards...." *Wilmington*, 793 F.2d at 922 (quoting *Solomon Dehydrating Co. v.. Guyton*, 294 F.2d 439, 447-48 (8th Cir.1961)). "[T]he assessment of damages is especially within the jury's sound discretion when the jury must determine how to compensate an individual for an injury not easily calculable in economic terms." *Stafford v. Neurological Med., Inc.*, 811 F.2d 470, 475 (8th Cir.1987); see also *EEOC v. Convergys Customer Mgmt. Group, Inc.*, 491 F.3d 790, 798 (8th Cir.2007) (same).

A movant may not use a motion for a new trial "to introduce new evidence,

tender new legal theories, or raise arguments that could have been offered or raised prior to entry of judgment." *Parton v. White*, 203 F.3d 552 (8th Cir.2000) (citation omitted); *Capitol Indemnity Corp. v. Russellville Steel Co., Inc.,* 367 F.3d 831, 834 (8th Cir.2004). The movant must "specifically identify the alleged erroneous ruling and the improperly excluded evidence." *Moses.com Sec. Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1059 (8th Cir.2005) (citations and internal quotations omitted).

## Discussion

**Failure to Keep a Proper Lookout**

Plaintiff initially argues that the Court erred in allowing the submission of the lookout instruction. Plaintiff argues that there was no evidence to support the giving of same. Plaintiff's focus is on the lack of a person or object in the roadway. The lookout instruction, however is not so limited. The broad duty of care to maintain a careful lookout ahead and laterally "encompasses people and objects on the road *and the awareness of dangerous conditions and situations*." *Blackshiers v. Harris*, 980 S.W.2d 189, 190 (Mo.App. 1998)(Emphasis added). Evidence was presented by Defendant's expert that Plaintiff should have been able to travel through the curve safely if he had been driving at 30-35 mph. The expert further opined that Plaintiff drove off the highway onto the shoulder as he proceeded south, failing to appreciate

where he was on the road in relation to the shoulder. From this evidence, it was within the purview of the jury to determine the comparative fault of Plaintiff. The giving of the instruction was therefore not erroneous.

**Insurance Carrier Question During Voir Dire**

Plaintiff contends that the Court erred in not allowing him to ask the jury panel specific questions regarding Defendant's insurance carrier during voir dire.

As Defendant correctly argues, the Eighth Circuit Court of Appeals has found that such questions are generally inappropriate.

> The specific voir dire question propounded by the plaintiffs was "whether any members had a financial interest in or whether they were employed by MFA Mutual Automobile Insurance Company ?" (emphasis supplied). This court has stated that voir dire questions regarding a specific insurance carrier are generally inappropriate inasmuch as they tend to overemphasize the issue of insurance. *Labbee v. Roadway Express, Inc.*, 469 F.2d 169, 172 (8th Cir. 1972). Furthermore, in this case, voir dire was conducted by counsel rather than by the court. Although the trial court refused the plaintiffs' proffered question, it in no way expressed or intimated a restriction upon their ability to pursue a more generalized line of inquiry regarding insurance, see *Kiernan v. Van Schaik*, 347 F.2d 775, 780-82 (3d Cir. 1965), devoid of any reference to a specific insurance carrier. The trial court's refusal of the plaintiffs' voir dire request was, therefore, well within its sound discretion, see *Labbee v. Roadway Express, Inc.*, supra, 469 F.2d at 172.

*Hallberg v. Brasher,* 679 F.2d 751, 754 (8th Cir. 1982).

The Court did not limit Plaintiff entirely by refusing all insurance questions, rather, Plaintiff was appropriately prohibited from asking the specific question.

Plaintiff proposed no other general insurance questions for the panel. Thus, no error was committed, and Plaintiff's rights were not substantially limited.

**Exclusion of the testimony of Ronald Seagraves**

Mr. Seagraves did not appear pursuant to the subpoena. Plaintiff sought to introduce his deposition testimony. This testimony, however was irrelevant to the issues before the Court since it related to the road conditions on the highway the day <u>before</u> the accident. Moreover, his testimony was cummulative in that Plaintiff, Mr. Herr and Mr. Phegley had already testified to the general road conditions of the highway. Photographs of the highway were entered into evidence as well.

**Surveillance Video**

Plaintiff sought to introduce Defendant's Exhibit PP, a surveillance video taken by private investigators, at the behest of Defendant, of Plaintiff without his knowledge. Defendant did not offer the video into evidence. The Court refused Plaintiff's request because Plaintiff was unable to lay a proper foundation for its introduction into evidence. Plaintiff did not explain why he sought to show the video, and his only basis for its introduction was that it was on *Defendant's* exhibit list and that he did not object to the lack of foundation. This argument, however, does not alleviate the need for a proper foundation by *Plaintiff* for the showing of the video. The mere fact that Defendant listed it as an exhibit does not require its entry, if

Plaintiff does not object to the foundation. In essence, the exhibit became Plaintiff's exhibit and it was incumbent upon Plaintiff to lay the proper foundation in order to submit it to the jury. Plaintiff did not do so and the exclusion was therefore proper. Additionally, Plaintiff failed to submit a proper offer of proof as to why the video should have been allowed

**Verdict Against the Weight of the Evidence**

Finally, Plaintiff argues that he is entitled to a new trial on the grounds that the verdict is against the weight of the evidence. A new trial is appropriate when the trial, through a verdict against the weight of the evidence or legal errors at trial, resulted in a miscarriage of justice. *White v. Pence*, 961 F.2d 776, 780 (8th Cir.1992). However, legal errors must adversely and substantially impact the moving party's substantial rights to warrant relief. **Fed.R.Civ.P. 61.**

A review of the evidence presented establishes that Plaintiff has failed to meet this standard required for a new trial. Substantial evidence was presented to support the jury's verdict and Plaintiff's argument to the contrary notwithstanding.

## Conclusion

Plaintiff has failed to establish that the evidence is insufficient to support the jury's verdict. Plaintiff has likewise failed to establish that the record is fraught with such error that Plaintiff's rights were substantially impacted such as to warrant relief.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for New Trial, [Doc. No.71], is **DENIED**.

Dated this 24th day of July, 2009.

                                              HENRY EDWARD AUTREY
                                    UNITED STATES DISTRICT JUDGE